UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 1:25-cr-106-TRM-MJD** |
| v. | ) | |
| | ) | |
| **JACKIE JAY LAY** | ) | |

# PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant and the defendant's attorney have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

**Count One**: Making a false statement in connection with the acquisition of a firearm from a licensed dealer of firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

The punishment for this lesser included offense is as follows: a term of imprisonment of up to 10 years, a maximum of 3 years of supervised release, a maximum fine of $250,000, a mandatory special assessment of $100, and any lawful forfeiture and restitution.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty.

In order to be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt:

1. The defendant knowingly made a false oral or written statement to a federally licensed firearms dealer;

2. The false statement was made in connection with the acquisition or attempted acquisition of a firearm; and
3. The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in the case.

(a) In or around 2021, Special Agent (SA) Stephen Gordy with the Bureau of Alcohol, Tobacco, Firearms, & Explosives (ATF) began an investigation of the defendant for making false and fictitious oral or written statements to firearms dealers for the purpose of buying firearms unlawfully. The investigation developed into ATF making an undercover buy from the defendant of a pink SCCY CPX-1 firearm, serial number C283917, on May 3, 2022. On April 27, 2022, an undercover ATF Special Agent (UC1) exchanged Facebook messages with the defendant about a pink gun. On that date, UC1 received a Facebook message from the defendant asking, "you still wanting a pink gun," and followed with, "I found you one." The defendant then sent two photographs of a pink SCCY CPX-1 firearm and advised that he would sell it for $350.

(b) On April 27, 2022, the defendant went to Bud's Gun Shop and Range, at 2270 Two Rivers Boulevard, Sevierville, Tennessee, a federally licensed firearms dealer in the Eastern District of Tennessee, and bought the pink SCCY CPX-1, serial number C283917, for the purpose of reselling it to UC1. During the transaction at the gun shop, the defendant filled out and signed the required ATF Form 4473, Firearms Transaction Record. Form 4473 asks if the defendant is the actual buyer and it explains that the defendant cannot be the actual buyer if he was acquiring the firearm on behalf of another person. Form 4473 explains that if the defendant is not the actual buyer, then the gun shop

cannot transfer the firearm to the defendant. The defendant marked "Yes" on Form 4473 Question 21.a., falsely and fictitiously stating that he was the actual buyer. The defendant also signed the certification section that advised him of the penalties for answering "Yes" if he was not the actual buyer. The defendant's statement was intended to deceive the firearms dealer with respect to this fact that was material to the lawfulness of the sale of the firearm to the defendant.

(c) On two other occasions, UC1 made arrangements to buy two other firearms from the defendant. UC1 and the defendant exchanged Facebook messages about UC1's desire to buy a purple SCCY. On June 21, 2022, the defendant went to Bud's Gun Shop and Range, at 2270 Two Rivers Boulevard, Sevierville, Tennessee, a federally licensed firearms dealer in the Eastern District of Tennessee and bought a hydro-dipped purple SCCY CPX-1 9mm firearm, serial number C346203, for the purpose of reselling it to UC1. On June 21, 2022, the defendant answered "Yes" to Form 4473 Question 21.a., falsely and fictitiously stating that he was the actual buyer and signed the certification section of Form 4473 that advised him of the penalties for answering "Yes" if he was not the actual buyer. The defendant's statement was intended to deceive the firearms dealer with respect to this fact that was material to the lawfulness of the sale of the firearm to the defendant. On June 29, 2022, the defendant sold the hydro-dipped purple SCCY CPX-1 9mm firearm, serial number C346203, to UC1.

(d) On January 7, 2023, the defendant went to Bud's Gun Shop and Range, at 2270 Two Rivers Boulevard, Sevierville, Tennessee, a federally licensed firearms dealer in the Eastern District of Tennessee, for the purpose of buying another SCCY firearm for UC1. On that date, the defendant answered "Yes" to Form 4473 Question 21.a., falsely and fictitiously stating that he was the actual buyer and signed the certification section of Form 4473 that advised him of the penalties for answering "Yes" if he was not the actual buyer. The defendant's statement was intended to deceive the firearms dealer with respect to this fact that was material to the lawfulness of the sale of the firearm to the

defendant. As of that date, the defendant had been indicted in this case. When the gun shop did its required check, it found the defendant's arrest warrant and did not sell him the gun.

(e) Most or all of the events described herein occurred in the Eastern District of Tennessee.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that the appropriate disposition of this case is a sentence of probation for a period of 3 years is the appropriate disposition of this case. The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in the case prior to sentencing.

8. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were involved in the commission of an offense in violation of 18 U.S.C. § 922(a)(6) and 924(a)(2). The defendant agrees to forfeit his interest in the following:

a. One SCCY Industries, 9 mm pistol, SN: C283917; and

b. One SCCY Industries, 9 mm pistol, SN C346203.

Defendant hereby agrees to relinquish any ownership, right or interest he may have and hereby voluntarily consents to the administrative forfeiture of the property listed above.

Defendant understands that pursuant to 18 U.S.C. § 983, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is required to send notice in non-judicial civil forfeiture matters. Having been advised of my rights regarding notice, defendant hereby knowingly and voluntarily waives my right to such notice being sent and waives any right to the return of the properties based on any failure to send such notice. Defendant voluntarily waives all constitutional, legal and equitable claims arising out of and/or defenses to the forfeiture of these properties in any judicial or non-judicial proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine. Defendant agrees not to contest or assist anyone else in contesting the forfeiture on any other ground. Defendant further agrees not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant

agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a

completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant

violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of the case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to the case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in the case.

12. The United States will file a supplement, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

14. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal

law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

6-5-2026
Date

By: Tammy O. Combs
Tammy O. Combs
Assistant United States Attorney

June 5, 2026
Date

Jackie Jay Lay
Jackie Jay Lay
Defendant

June 5, 2026
Date

J. Damon Burk
J. Damon Burk
Attorney for the Defendant